**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **IN THE MATTER OF** | No. 07-2523-PHX-DGC |
| Ray L. Bell and Alene L. Bell, | BK No. 2:06-bk-02072-GBN |
| Debtors, | Adv. No. 2:06-ap-00928-GBN |
| | BAP No. AZ-07–1424 |
| Ray L. Bell and Alene L. Bell, husband and wife, | **ORDER** |
| Appellants, | |
| v. | |
| Andra Bell, et al. | |
| Appellees. | |

The United States Bankruptcy Court granted partial summary judgment for Appellees Andra Bell and others based on the collateral estoppel effect of a prior state court decision. Dkt. #1 at 22-23. Appellants Ray L. Bell and Alene L. Bell, the Debtors in this action, appeal the bankruptcy court's ruling. Dkt. #8. This Court will affirm.

**I.   Factual Background and Procedural History.**

**A.   The Parties.**

Appellants Ray L. Bell and Alene L. Bell are the son and daughter-in-law, respectively, of John R. Bell and Jennie Maye Bell. John R. Bell was recognized as a protected person under Arizona law and Jennie Maye Bell was appointed as his conservator. In 1995, Jennie Maye Bell created the Jennie Maye Bell Revocable Trust and conferred

power of attorney on her son, Appellant Ray L. Bell. In 1998, Jennie Maye Bell was adjudged to be incapacitated and Appellant Ray L. Bell was named trustee of the revocable trust. Appellee Andra Bell, who is a daughter of John R. Bell and Jennie Maye Bell (and the sister of Appellant Ray L. Bell), was appointed conservator of John R. Bell. For convenience, this order will refer to Andra Bell as "Appellee."

**B.     Initiation of State Court Proceedings.**

On January 25, 2006, Appellee filed suit in the Superior Court of Arizona, Yavapai County, alleging that Appellant Ray L. Bell impermissibly transferred real property (the "Earll property") from the Jennie Maye Bell Revocable Trust (through various steps) to Appellants, and used his parents' funds for his personal benefit. The defendants, including Appellants, filed an answer.

On April 6, 2006, the Superior Court held an evidentiary hearing on Appellee's motion for preliminary relief. On April 19, 2006, the Superior Court issued a preliminary advisement order finding, among other things, that Appellant Ray L. Bell transferred the Earll property without providing consideration, that Appellant Ray L. Bell used his parents' money to pay for his personal debts and to fund his personal business ventures, and that the Earll property was to be held in constructive trust for John R. Bell.

**C.     Initiation of Bankruptcy Court Proceedings.**

On July 7, 2006, Appellants voluntarily filed a bankruptcy petition under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 701 *et seq*. Dkt. #7-2. While Appellants' property became part of a bankruptcy estate, Appellants claimed a homestead exemption in the Earll property. Dkt. #7-3 at 10. Appellee objected to the exemption. Dkt. #7-6.

The filing of bankruptcy triggered an automatic stay that barred prosecution of Appellee's state court action. 11 U.S.C. § 362(a). Appellee moved for relief from the stay. Dkt. #7-7. Appellants opposed lifting of the stay. Dkt. ##7-9, 7-13. On January 4, 2007, the bankruptcy court held oral argument and lifted the stay as to Appellee's action. Dkt. #7-15; *see also* Dkt. #7-14 at 3.

### D. Resumption of State Court Proceedings.

With the stay lifted, Appellee filed a motion for partial summary judgment in the Superior Court action. The motion sought to establish Appellants' breach of their fiduciary duties, an award of double and treble damages and attorneys fees, the forfeiture of any benefits received by Appellants from the estates of John R. Bell and Jennie Maye Bell, and the permanence of the constructive trust. Dkt. #7-13 at 12-25. Appellee requested a briefing schedule and expedited ruling. *Id.* at 12.

Appellants submitted a disclosure statement (*id.* at 50-60), but did not file a response to the motion for summary judgment. As a result, Appellee sought summary disposition of the motion. Appellants informed the court that a response had not been filed because the court "had not yet issued [a] briefing/scheduling order." Dkt. #8 at 5. Appellants ultimately filed a response to the motion (Dkt. #7-13 at 66-72) and Appellee filed a reply (*id.* at 74-82).

The Superior Court found that Appellants' responses to the summary judgment motion and the request to expedite were untimely. *See* Dkt. #9-2 at 18:16-22. The court granted the motion for partial summary judgment, setting forth detailed factual findings in more than 130 paragraphs. *Id.* at 19-25. Separately, the court sanctioned Appellants for failing to comply with an order to produce information and for not being forthright and candid with the court.

### E. Resumption of Bankruptcy Court Proceedings.

Before the bankruptcy court, Appellee filed a motion for summary judgment with respect to her complaint that Appellants' debt is non-dischargeable and her objection to the homestead exemption. Dkt. #7-18. The motion was fully briefed. *See* Dkt. #9-2 at 6:12-13. The bankruptcy court heard oral argument. Dkt. #7-16.

Focusing on the state court's order granting summary judgment rather than the preliminary advisement order (Dkt. #9-2 at 16:20-17:4), the bankruptcy court observed that the summary judgment order contained "detailed findings and conclusions" (*id.* at 18-19), which he then proceeded to recount (*see id.* at 19:4-25-15). The bankruptcy court granted summary judgment in part, explaining that "the procedural history of the case warrants a finding that [Appellants] are collaterally estopped from re-litigating issues adjudicated in

Yavapai County" (*id.* at 26:4-6), as Appellants "were actively litigating the Yavapai proceeding, having filed an answer as well as a disclosure statement" (*id.* at 26:8-10). The bankruptcy court concluded that the debt was non-dischargeable as to Appellant Ray L. Bell, but not as to Appellant Alene L. Bell. *Id.* at 34:10-13. The bankruptcy court also sustained Appellee's objection to Appellants' homestead exemption claim. *Id.* at 37:6-9.

## II.     This Appeal.

According to Appellants, "[t]he primary issue in this appeal is whether the bankruptcy court, in granting a motion for summary judgment on the § 523 non-dischargeability complaint and on the objection to homestead exemption, should have given collateral estoppel effect to a [grant of] summary judgment by the . . . Superior Court[.]" Dkt. #8 at 6 (capitalizations removed). State law governs the application of collateral estoppel to a state court judgment. *Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990). Because the judgment in this case was issued by an Arizona court, Arizona law controls.

In Arizona, collateral estoppel applies when (1) the issue to be litigated was actually litigated in a prior proceeding, (2) a final judgement was entered, (3) the party against whom the doctrine is to be invoked had a full opportunity to litigate the issue, (4) the party actually did litigate the issue, and (5) the issue was essential to a final judgment. *See Garcia v. Gen. Motors Corp.*, 990 P.2d 1069, 1073 (Ariz. App. 2000). Appellants contend that their "degree of participation in the underlying action" was insufficient to support a finding that they "actually litigated" the issues in the prior proceeding. Dkt. #8 at 6.

## III.    Standard of Review.

The Court examines a bankruptcy court's conclusions of law *de novo* and its findings of fact for clear error. *See In re Am. Mariner Indus., Inc.*, 734 F.2d 426, 429 (9th Cir.1984). Whether collateral estoppel applies is a question of law, which requires *de novo* review. *See Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 993 (9th Cir. 2001).

## IV.    Collateral Estoppel was Properly Applied by the Bankruptcy Court.

"Collateral estoppel . . . has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial

- 4 -

1 economy by preventing needless litigation." *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979); *see Blonder-Tongue Laboratories, Inc. v. Univ. of Illinois Found.*, 402 U.S. 313, 328 (1971) (it is no "longer tenable to afford a litigant more than one full and fair opportunity for judicial resolution of the same issue."). The doctrine is grounded in equitable principles, *see U.S. v. Maybusher*, 735 F.2d 366, 370 (9th Cir. 1984), and its application is reserved to the "broad discretion" of the trial courts, *Disimone v. Browner*, 121 F.3d 1262, 1268 (9th Cir. 1997).

Appellants contend that the state court's summary judgment order should not be given preclusive effect because they did not "actually litigate" the matter in state court. *See* Dkt. #8. Appellants frame this question in terms of where their degree of participation lies on a spectrum of previous decisions in this area. *See id.* at 6 ("There are a number of reported cases . . . that fit somewhere between the two extremes of the continuum."). On one hand, there are cases holding that a party's participation is too minimal to support collateral estoppel. *See, e.g., In re Palmer*, 207 F.3d 566 (9th Cir. 2000); *In re Silva*, 190 B.R. 889 (9th Cir. BAP 1995); *In re Smith*, 362 B.R. 438 (Bkrtcy. D. Ariz. 2007); *In re Dvorak*, 118 B.R. 619 (Bkrtcy. N.D. Ill. 1990). On the other, a party's participation may be extensive enough to preclude him or her from re-litigating certain issues in another court. *See, e.g., Muegler v. Bening*, 413 F.3d 980 (9th Cir. 2005); *In re Daily*, 47 F.3d 365 (9th Cir. 1995); *In re Nourbakhsh*, 162 B.R. 841 (9th Cir. BAP 1994); *In re Gottheiner*, 703 F.2d 1136 (9th Cir. 1983); *In re Wright*, 355 B.R. 192 (Bkrtcy. C.D. Cal. 2006).

Appellants contend that the facts of the present case "do not fit squarely within" other cases – specifically that Appellants "participation in the pre-bankruptcy litigation was more than that of the defendants in *Silva*, *Palmer* or *Dvorak*," but was "substantially less" than the defendants in, or is factually distinguishable from, *Gottheiner*, *Nourbakhsh*, and *Wright*. Dkt. #8 at 10. Appellees argue that the reasoning of *Gottheiner* applies to the facts of this case. Dkt. #9 at 12-14. In determining that Appellants' actively engaged in the state court litigation, the bankruptcy judge found that Appellants' participation is "unlike" *Silva* and *Palmer* (Dkt. #9-2 at 30:11-17), but is "closer to *Gottheiner*" (*id.* at 32:2).

- 5 -

1       We start from the general proposition that "default judgment is not given collateral estoppel effect." *In re Gottheiner*, 703 F.2d at 1140 (citations omitted).  The plaintiff's participation in *Gottheiner* could not be likened to a default judgment because the plaintiff "did not simply give up from the outset. For sixteen months he actively participated in litigation[.] That after many months of discovery Gottheiner decided his case was no longer worth the effort does not alter the fact that he had his day in court." *Id.*  Here, the bankruptcy judge noted, and the parties do not seem to dispute, that the state court's grant of "summary judgment was not akin to a default judgment[.]" Dkt. #9-2 at 33:6-7.  Appellants filed an answer in the state court action, took part in the evidentiary hearing on preliminary relief, submitted a disclosure statement, produced documents, and filed untimely responses to the request for summary disposition and the motion for partial summary judgment.

        Appellants argue that they did not "actually litigate" the issues implicated by the motion because they filed an untimely response that was not considered. Dkt. #8 at 11. Appellants say their response was untimely because the state court "never issued an order with a briefing schedule." *Id*. at 5.  But Appellants never explain how the absence of a court-established schedule excused them from responding to the summary judgment motion. Once in receipt of the motion, Appellants were on notice that a response was required under the Arizona Rules of Civil Procedure.  *See* Ariz. R. Civ. P. 56(c)(1) ("A party opposing the motion must file affidavits, memoranda or both within 30 days after service of the motion."). This was not a situation in which the plaintiffs gave up and accepted default, but one in which they did not effectively pursue their case. *See In re Daily*, 47 F.3d 365, 368 (9th Cir.1995) ("the 'actual litigation' requirement may be satisfied by substantial participation in the adversary contest in which the party is afforded a reasonable opportunity to defend himself on the merits but chooses not to do so.").  Moreover, Appellants were represented by counsel in the state court proceedings and therefore knew the requirements of Arizona procedure and the nature of judicial proceedings generally. *See In re Gottheiner*, 703 F.2d at 1138 (affirming application of collateral estoppel were the plaintiff, represented by counsel, did not oppose a motion for summary judgment).

- 6 -

1    The fact that Appellants were represented by counsel also suggests that the application
2 of collateral estoppel in this case is not unfair. *See Eureka Fed. Sav. & Loan Ass'n v. Am.*
3 *Cas. Co.*, 873 F.2d 229, 234 (9th Cir.1989) (collateral estoppel should not be applied where
4 "its effect would be unfair."). This is not a situation where Appellants were the unknowing
5 victims of procedures with which they could not comply. Moreover, Appellants behavior
6 in the state court belies any suggestion that they were simply caught unawares. The state
7 court sanctioned Appellants for, among other things, failing to provide a sworn statement
8 pursuant to the court's order, failing to be "forthcoming with providing information about
9 the estate of Jennie Maye Bell," providing testimony at an evidentiary hearing that was
10 "evasive, contradictory . . ., and lacking of credibility and candor," and engaging in behavior
11 that was "evasive and dilatory[.]" Dkt. #7-13 at 63.

12    Appellants argue that no discovery took place in the state court. *See* Dkt. #8. But
13 Arizona procedure provided them with a means of seeking discovery before the motion for
14 summary judgment was decided. *See* Ariz. R. Civ. P. 56(f). Appellants do not claim that
15 they used this procedure, nor do they identify any facts that could have been obtained
16 through discovery. Appellees note that Appellants never made a discovery request in state
17 court, a fact Appellants do not dispute. Dkt. #9 at 11 n.1.

18    Appellants assert that they had an inadequate opportunity to present their side at the
19 April 6, 2006, evidentiary hearing on preliminary relief. *See* Dkt. #8 at 4. In particular,
20 Appellants state that Appellees' attorney used a majority of the allotted time and that
21 Appellants therefore had "limited time" to question witnesses. *Id*. But it is uncontroverted
22 that Appellants did not seek any additional fact-finding opportunities, and none were denied
23 to them.

24 **V.    Conclusion.**

25    Appellants actually litigated the state court proceeding. They participated in the
26 superior court case, attended hearings, were represented by counsel, were fully aware of
27 Appellee's motion for summary judgment, and had a fair opportunity under Arizona
28 procedures to contest the motion. They also participated fully in the bankruptcy court

- 7 -

1 proceeding and even opposed the lift-stay motion that allowed the state court action and the
2 summary judgment motion to proceed. The state court order is not akin to a default
3 judgment. The court entered a detailed summary judgment order on the merits of the case,
4 in a contested proceeding, where Appellants participated and were represented by counsel.
5 Collateral estoppel is proper. *See In re Gottheiner*, 703 F.2d at 1140-41.[1]

**IT IS ORDERED:**

1. Appellants' appeal (Dkt. #8) is **denied**.
2. The decision of the U.S. Bankruptcy Court (Dkt. #1) is **affirmed**.
3. The Clerk is directed to terminate this action.

DATED this 30th day of May, 2008.

_____
David G. Campbell
United States District Judge

---

[1] Appellants suggest in passing that there was no final decision on the merits in state court (Dkt. #8 at 6), but they never develop this argument in their briefs. *See* Dkt. ##8, 14. A footnote in their opening brief argues that the state court's grant of preliminary relief was not a final decision (*id*. at 11 n. 2), but even if this is true, the state court's grant of summary judgment was final. "Under Arizona law, a judgment is 'final' when it ends the proceedings and leaves no question open for further judicial action." *Matter of Lockard*, 884 F.2d 1171, 1176 (9th Cir. 1989) (internal quotes and citation omitted). At the hearing before the bankruptcy court, counsel for Appellants confirmed that "the superior court believes it has resolved the [state court] matter[.]" Dkt. #9-2 at 6:9-12.

- 8 -